### HOWARD GOSSETT v. THE STATE.

No. 12752. Delivered December 18, 1929.
Rehearing denied State March 19, 1930.
Reported in 25 S. W. (2d) 1105.

The opinion states the case.

*Hamilton, Fitzgerald & Grundy* of Memphis, for appellant.

*Jas. C. Mahan,* Dist. Atty.; of Wellington, and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ten years.

The indictment charged that appellant "did voluntarily kill Hardy Brown by shooting him with a gun." We quote from, Swilley v. State, Opinion No. 12,792, decided December 11, 1929, as follows:

"While our present statute makes murder of every voluntary killing, it is also specified in the statute that in every murder case the court shall tell the jury that unless the killing was upon malice aforethought, they can not assess the punishment at a period longer than five years; hence it is plain that murder without malice aforethought is punishable by imprisonment for not less than two nor more than five years, while murder upon malice aforethought may be punished by death or any period of imprisonment not less than two years. In other words, if the state wishes to seek a greater penalty than five years because of the presence of malice aforethought,—an indispensable element of the enhanced punishment, under the new statute,—the indictment should allege that the killing was upon such malice aforethought."

The indictment failing to aver that the killing was upon malice aforethought, the state was not authorized to seek a penalty in excess of five years. The jury assessed a penalty of ten years.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In addition to the matter discussed in the original opinion, we find another error which demands a reversal. Appellant properly and timely excepted to the charge of the court for its failure to apply the law to the facts. The first paragraph gives the statutory definition of murder. The second paragraph defines the term "voluntary." The third paragraph gives the distinguishing features of the crime, and the fourth paragraph sets out the punishment. Thereafter malice aforethought is defined. The eighth paragraph explains the difference between murder committed with malice aforethought and without malice aforethought, prefacing the same with the statement that if the jury find the defendant guilty of murder as thereinbefore defined then that the instructions contained in said paragraph are to be considered in determining the punishment. Nowhere in the charge is there an application of the law to the facts, except on the issue of self-defense. Nowhere is the jury directed as to what facts they must find to be true before a conviction could result. See Edwards v. State, 259 S. W. 578, and authorities collated.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.