W. S. Berkshire, Dist. Atty., and J. L. Rasberry, Asst. Dist. Atty., both of El Paso, and A. A. Dawson, State's Atty., of Austin, for the State.

## LATTIMORE, J.

Conviction for murder; punishment, death.

It is charged in the indictment herein that appellant "did then and there voluntarily kill Alfredo Acuna by shooting him with a pistol, against the peace and dignity of the State." An indictment for murder which does not not charge that same was committed with malice aforethought will not sustain a judgment of conviction carrying with it a penalty greater than five years in the penitentiary. Swilley v. State (Tex. Cr. App.) 25 S.W.(2d) 1098, opinion December 11, 1929. The indictment in the instant case fails to charge that the murder was committed with malice aforethought.

For the reason mentioned, the judgment will be reversed and the cause remanded.

### On Motion for Rehearing.

We have carefully examined the able brief of the district attorney of El Paso county, and regret our inability to agree with the contentions therein set forth. The matter has been investigated further, and our views will be found expressed in the majority opinion on rehearing in the case of Swilley v. State, this day handed down.

The state's motion for rehearing will be overruled.

## HUNT v. STATE.
### No. 12828.

Court of Criminal Appeals of Texas.
Dec. 18, 1929.
State's Rehearing Denied March 19, 1930.

Chaney & Parmeter and Baskett & DeLee, all of Dallas, for appellant.
William McCraw, Cr. Dist. Atty., of Dallas, and A. A. Dawson, State's Atty. of Austin, for the State.

## LATTIMORE, J.

Conviction for murder; punishment, death.

The indictment herein contains four counts, counts 1 and 3 charging that the accused killed deceased with malice aforethought. Counts 2 and 4 charge that the accused killed deceased voluntarily; there being therein no allegation that the killing was upon malice aforethought. The verdict of the jury specifically finds appellant guilty under the second count in the indictment. Said count, having failed to charge that the murder was with malice aforethought, cannot be made the basis for a judgment of conviction carrying with it a penalty greater than five years' imprisonment in the penitentiary. Swilley v. State (Tex. Cr. App.) 25 S.W.(2d) ——, opinion December 11, 1929.

The judgment is reversed, and the cause remanded.

### On State's Motion for Rehearing.

## HAWKINS, J.

The same question is involved as in Swilley v. State, in which motion for rehearing is overruled this date. For the same reasons set out in the opinions, both originally and on rehearing in that case, the state's motion for rehearing in the present case must be overruled, and it is so ordered.

## Joe DUNWOODY v. STATE.
### No. 12916.

Court of Criminal Appeals of Texas.
March 19, 1930.

Alonzo Turner, of Borger, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

## MORROW, P. J.

The offense is murder; punishment fixed at confinement in the penitentiary for a period of ninety-nine years.

In the indictment there is a failure to embrace the words "malice aforethought." This matter is controlled by the majority opinion in the case of Swilley v. State (Tex. Cr. App.) 25 S.W.(2d) 1098.

For the reasons there stated, this case must be reversed and remanded.