Gary Regius LEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 47762.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

Marvin O. Teague, Charles E. Huebner (on appeal only), Houston, for appellant.

Jules Damiani, Jr., Dist. Atty., and Gary B. Kivell, Asst. Dist. Atty., Galveston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant along with two co-defendants was convicted for murder, upon a plea of guilty before the court; punishment was assessed at ten years.

Initially appellant challenges the sufficiency of the evidence. The record contains a written, sworn stipulation of evidence and judicial confession executed in open court and admitted into evidence. This is sufficient in itself. See Higginbotham v. State, Tex.Cr.App., 497 S.W.2d 299 (1973), and authorities cited therein.

■ Next appellant contends that he was tried and punished for a criminal offense which no longer exists in this State. He cites Foster v. State, Tex.Cr.App., 493 S.W.2d 812; Lucky v. State, Tex.Cr.App., 495 S.W.2d 919, and Brazile v. State, Tex.Cr.App., 497 S.W.2d 302, for the proposition that Texas has no criminal offense known as "murder with malice aforethought", the single such criminal offense being "murder". The cases relied upon hold that the presence or absence of malice relates only to the punishment. While this is true, it was early recognized that the allegation in the indictment that appellant did "unlawfully and with malice aforethought kill" the deceased properly charges the offense of murder. See Powell v. State, 113 Tex.Cr.R. 314, 21 S.W.2d 728 (1929); Crutchfield v. State, 110 Tex.Cr.R. 420, 10 S.W.2d 119 (1928). Indeed, any punishment in excess of five years is illegal unless the indictment alleges that the killing was done with malice aforethought, said element being indispensable for a greater penalty. Swilley v. State, 114 Tex.Cr.R. 228, 25 S.W.2d 1098; Gossett v. State, 114 Tex.Cr.R. 324, 25 S.W.2d 1105; DePena v. State, 25 S.W.2d 1106; Hunt v. State, 114 Tex.Cr.R. 256, 25 S.W.2d 1107; Dunwoody v. State, Tex.Cr.App., 25 S.W.2d 1107. We, therefore, overrule appellant's contention that he was tried and punished for a nonexistent offense.

■ Finally appellant contends that the trial court erred in not withdrawing his plea of guilty. The rule controlling this issue was stated in Reyna v. State, Tex.Cr.App., 434 S.W.2d 362, as follows:

" . . . [E]vidence must go farther than just tending to show a defensive issue, but must reasonably and fairly present such issue before the trial court would be required to withdraw the guilty plea". 434 S.W.2d at 365.

Initially we note the "evidence" to which appellant refers in his brief appears from the record to be a conversation between the judge and the three accused, and not testimony under oath. Aside from this, however, we do not find that the conversation reasonably and fairly presented any

such defensive issue as contended in appellant's brief.

In the course of the conversation appellant and his co-defendants, young men around twenty years of age, admitted that without provocation they pulled the deceased, a 50 or 60 year-old derelict, from the back of a truck and proceeded to beat and kick him. The statement that appellant and his co-defendants had been drinking, or that they thought the derelict was trying to attack them cannot by any stretch of the imagination be said to have "reasonably and fairly" presented a defensive issue. Although the better practice may well have been for the trial court to have pursued the preposterous and wholly unbelievable suggestion that they were acting in self-defense with searching questions, and it may well have been justified in rejecting the pleas and requiring these men to face a jury and accept such punishment as they would have received following a full-blown trial, certainly the court was not required to reject appellant's plea on the basis of this record.

The judgment is affirmed.