**Lothar SOMMER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 56865.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 15, 1978.

Allen C. Isbell, Houston, court appointed, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Kay L. Burkhalter, Asst. Dist. Attys., Houston, for the State.

OPINION ON REHEARING EN BANC UPON COURT'S OWN MOTION

DALLY, Judge.

This is an appeal from a conviction for the offense of burglary of a building with the intent to commit theft. The punishment is imprisonment for ten years.

Our prior per curiam opinion on original submission is withdrawn and this opinion is substituted on the Motion for Rehearing En Banc on the Court's Own Motion.

The sole ground of error raised by the appellant is that the trial court erred in not withdrawing sua sponte appellant's plea of guilty. When the evidence fairly raised the issue of innocence in that appellant had no knowledge of entering the alleged building.

The appellant waived a jury trial and entered his plea of guilty before the court. We have recently held in *Moon v. State,* 572 S.W.2d 681 (No. 54,342, decided Oct. 4, 1978 on State's Motion for Rehearing) that when the plea is before the court a plea of guilty need not be withdrawn and a plea of not guilty entered when evidence is introduced that might reasonably and fairly raise an issue of fact as to the guilt of the defendant. The trial judge as the trier of the facts may without withdrawing the plea decide the issue either finding the defendant not guilty or guilty as he believes the facts require.

The judgment is affirmed.

ROBERTS, Judge, concurring in part and dissenting in part.

What follows is the per curiam opinion originally prepared for the Court in this case. I continue to believe that the opinion was correct [1] and therefore adopt it as my opinion on rehearing:

"This is an appeal from a plea of guilty to the charge of burglary of a building with intent to commit theft. The trial court assessed punishment at confinement in the Texas Department of Corrections for a term of ten (10) years.

"The appellant sets forth one ground of error in which he complains that the trial court should have withdrawn the plea of guilty and entered a plea of not guilty when appellant's testimony raised an issue as to his guilt. The appellant relies upon testimony wherein the appellant stated that he had been drinking and awakened inside a strange building. While the appellant is correct in his position that this Court exercises great care in requiring a trial judge to withdraw a plea of guilty where the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and

such evidence is not withdrawn, that principle is not applicable to the present case. An examination of the record in this cause indicates that the appellant did not testify at the hearing on February 15, 1977, wherein he entered a plea of guilty and he was found guilty. It was only at the hearing on punishment on April 13, 1977, after the appellant had been found guilty, that the appellant presented the testimony upon which he now relies.

"This Court has had the occasion to consider this question very recently in *Sullivan v. State,* No. 56,864, 573 S.W.2d 1 (January 18, 1978). In that case the Court pointed out that in situations where the appellant's guilt had already been adjudicated, the trial judge was under no obligation to withdraw appellant's plea of guilty, even if the evidence makes evident the innocence of the accused or reasonably and fairly raises an issue of such fact. Appellant's contention in this case is without merit and the conviction is affirmed."

ONION, Presiding Judge, dissenting.

The only contention raised by the appellant is that the trial court erred in failing to sua sponte withdraw his guilty plea when the evidence fairly raised an issue of fact as to his innocence. He relies upon the rule that where a defendant has entered a guilty or nolo contendere plea in a felony case and the evidence introduced makes evident the innocence of the accused or which reasonably and fairly raises an issue as to such fact and such evidence is withdrawn, the trial court is required sua sponte to withdraw the defendant's guilty or nolo contendere plea and enter a not guilty plea for the defendant. See, e. g., *Harris v. State,* 76 Tex.Cr.R. 126, 172 S.W. 975 (1915); *Fite v. State,* 163 Tex.Cr.R. 279, 290 S.W.2d 897 (1956); *Edworthy v. State,* 371 S.W.2d 563 (Tex.Cr.App.1963); *Lee v. State,* 503 S.W.2d 244 (Tex.Cr.App.1973); *Woodberry v. State,*

---

1. And see my opinions on rehearing and original submission in *Sullivan v. State,* 573 S.W.2d 1 (Tex.Cr.App.1978) (No. 56,864, this day decided), as well as my opinion on rehearing in *Moon v. State,* 572 S.W.2d 681 (Tex.Cr.App. 1978) (No. 54,352, this day decided).

Here, as in *Sullivan,* the trial court expressly found the appellant guilty *before* he abated the proceedings for a subsequent hearing on the issue of punishment.

547 S.W.2d 629 (Tex.Cr.App.1977). See also Burks v. State, 145 Tex.Cr.R. 15, 165 S.W.2d 460 (1942); Gonzales v. State, 480 S.W.2d 663 (Tex.Cr.App.1972); Faz v. State, 510 S.W.2d 922 (Tex.Cr.App.1974); Cooper v. State, 537 S.W.2d 940 (Tex.Cr.App.1976); Sanchez v. State, 543 S.W.2d 132 (Tex.Cr. App.1976); Allen v. State, 559 S.W.2d 656 (Tex.Cr.App.1977).

The rule relied upon applies although the accused makes no request to withdraw at all. In Harris v. State, 76 Tex.Cr.R. 126, 172 S.W. 975 (1915), this court wrote:

"If the defendant pleads guilty, and the facts should develop that he is not guilty, but acted purely in self-defense, it would be the duty of the court to see that no conviction was had, although a plea of guilty was entered. . . ."

Appellant calls attention to his own testimony that he was on a trip from California to Florida and stopped in Houston for gas and to switch drivers; that he and his companion bought some wine and he went to sleep on the back seat of the car and woke up in a strange building when the police entered and found him still in the back seat of the car.

In the instant case the appellant entered a guilty plea on February 15, 1977. He was duly admonished of the consequences of his plea. During the colloquy at the bench there was discussion about resetting the case, about the appellant bringing in witnesses, some of whom were out of town. Stipulations were entered into and the court found the appellant guilty but did not assess punishment and reset the matter "for the purposes of hearing additional witnesses as to character and reputation of the Defendant as well as to order a pre-sentence investigation."

On April 13, 1977, almost two months later, the case was called again. The record reflects the following at that time:

"THE COURT: The court has had a pre-sentence investigation made, and I don't believe . . . did you have any witnesses at that time?

"MR. FRAGA (Defense Counsel): No, Your Honor.

"THE COURT: I don't remember you having any. Do you have any you want to present at this time?

"THE DEFENDANT: Yes, sir."

The twenty-four year old appellant then testified, without objection, as to the facts surrounding the alleged offense, including the fact that he had had some wine, fell asleep in the back seat of a car, and woke up on such seat inside a burglarized building when the police arrived. He denied any knowledge of the burglary. His sister and her friend, William Price, then testified as reputation witnesses.

At no time was there an objection that this was the "penalty stage" of the guilty plea or that appellant had no right to reopen and call fact witnesses, etc. At the conclusion of the evidence including appellant's testimony, the court for the first time assessed punishment, one of the essential elements of a judgment. See Article 42.01, V.A.C.C.P.

Article 37.07, V.A.C.C.P., providing for bifurcated trials, is, by its very terms, not applicable to pleas of guilty, in felony cases, either before a judge or jury. Basaldua v. State, 481 S.W.2d 851, 853 (Tex.Cr.App. 1972), and cases there cited; Johnson v. State, 492 S.W.2d 505 (Tex.Cr.App.1973); Morales v. State, 416 S.W.2d 403 (Tex.Cr. App.1967); Thom v. State, 563 S.W.2d 618 (Tex.Cr.App.1978); Bean v. State, 563 S.W.2d 819 (Tex.Cr.App.1978) (Concurring Opinion). See and cf. Nunez v. State, 565 S.W.2d 536 (Tex.Cr.App.1978).

Even though a judge may, without statutory authority, bifurcate a guilty plea proceeding, this does not affect the rule relied upon by the appellant.

In the instant case appellant's testimony before punishment was ever imposed fairly raised an issue of the fact of his innocence and the trial court, in my opinion, erred in not withdrawing the plea of guilty.

The rule relied upon by the appellant has long been held applicable to pleas of guilty and nolo contendere whether the pleas were before the judge or the jury and such holdings were both before and after the 1965

Code of Criminal Procedure. See the cases cited on original submission in *Moon v. State,* 572 S.W.2d 681 (Tex.Cr.App. # 54,-352, 1977—rehearing 1978). On rehearing of the State's motion for rehearing in *Moon,* the majority took the well-established rule and split it in two, leaving the rule applicable to a jury, but inapplicable to a bench trial. That decision on rehearing in *Moon* was erroneous and should be overruled. The majority uses the same in the instant case to affirm the judgment without any discussion of the facts merely because this was a bench trial. I dissent for the reasons set forth in the opinion on original submission in *Moon.*