

# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| EJIKEME OKECHUKWU NDUKA, Appellant | Appeal from the 291st Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F94-00169-HU). |
| No. 05-94-01959-CR          V. | Opinion delivered by Chief Justice Thomas, Justices Bridges and Roach also participating. |
| THE STATE OF TEXAS, Appellee | |

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered September 15, 1998.


LINDA THOMAS
CHIEF JUSTICE



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-94-01959-CR

## EJIKEME OKECHUKWU NDUKA, Appellant

### V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 291st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F94-00169-HU

# OPINION

Before Chief Justice Thomas and Justices Bridges and Roach
Opinion By Chief Justice Thomas

Ejikeme Okechukwu Nduka appeals his conviction for engaging in organized criminal activity. The sole issue is whether the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. For the reasons stated, we affirm the trial court's judgment.

Appellant was to be tried with co-defendant Janet Mitchell. Prior to trial, appellant

filed a motion to sever his case from Mitchell's. The basis of the motion to sever was that (i) the trial would be lengthy because of Mitchell's participation and (ii) Mitchell had agreed to testify on his behalf if separate trials were held. Appellant filed an affidavit from Mitchell in which Mitchell agreed to testify, if there were separate trials, that appellant had no knowledge of any ongoing criminal activity; otherwise Mitchell would exercise her right to remain silent during the joint trial.[1] The trial court denied appellant's motion to sever.

On September 30, 1994, appellant signed a waiver of a jury trial and judicial confession, was admonished, and pleaded guilty before a magistrate. The magistrate entered a finding that the evidence was sufficient to prove appellant's guilty and ordered the "case passed to 10/3/94 for further adjudication if any, and punishment." The district court adopted the magistrate's actions. On October 20, 1994, at the sentencing hearing, appellant moved to withdraw his guilty plea. Appellant argued that the only reason he pleaded guilty was because the trial court denied his motion to sever. He testified that Mitchell would now be available as a defense witness because she had entered a guilty plea in her case. The trial court took judicial notice that appellant had filed the Mitchell affidavit in connection with the motion to sever. The trial court denied appellant's motion to withdraw.

It is undisputed that the appellate standard of review in this case is "abuse of discretion." A trial court abuses its discretion if its decision lies outside a "zone of

---

[1] Mitchell's affidavit is not a part of our record. The content of the affidavit is from the information provided in the parties briefs.

reasonable disagreement." *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g); *Gottson*, 940 S.W.2d 181, 187 (Tex. App.--San Antonio 1996, pet. ref'd). In the plea papers, appellant waived the right to the appearance, confrontation, and cross-examination of witnesses. Appellant further consented to written stipulation of the evidence and agreed to the introduction of his judicial confession into evidence. Appellant judicially confessed his guilt to the offense as charged. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980) (op. on reh'g) (en banc); *Wright v. State*, 930 S.W.2d 131, 133 (Tex. App.--Dallas 1996, no pet.) (judicial confession sufficiently proves guilt). Appellant never retracted his judicial confession to the offense. Furthermore, appellant did not produce Mitchell or a new affidavit. Thus, there was no evidence of Mitchell's proposed testimony or the fact that she was still willing to testify on appellant's behalf. On this record, we cannot conclude that the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea. Accordingly, we overrule appellant's sole point of error and affirm the trial court's judgment.

LINDA THOMAS
CHIEF JUSTICE

Do Not Publish
Tex. R. App. P. 47

-3-