11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael
Dewayne Hill

Appellant

Vs.                   No. 11-00-00338-CR B Appeal from
Dallas County

State
of Texas

Appellee

 

Appellant entered an open plea of guilty to the offense of
aggravated robbery.  The trial court
convicted appellant and, upon appellant=s plea of true to the enhancement
allegation, assessed his punishment at confinement for 15 years and a fine of
$1,000.  We affirm.  

Appellant=s court-appointed counsel has filed a
brief in which he conscientiously examines the record.  In his brief, counsel reviews the
indictment, the enhancement allegation, the jurisdiction of the trial court,
pretrial motions filed by trial counsel, the waivers executed by appellant, his
judicial confession, the open plea document, the admonishments given to
appellant, the effectiveness of counsel, the punishment, and the judgment.  Following the procedures outlined in Anders
v. California, 386 U.S. 738 (1967), and Gainous v. State, 436 S.W.2d 137
(Tex.Cr.App.1969), counsel discusses the applicable law and concludes that
there are no grounds upon which to predicate a reversal.

Counsel furnished appellant with a copy of the brief and
advised appellant of his right to review the record and file a pro se
brief.  Counsel complied with the
procedures outlined in Anders v. California, supra; Stafford v. State, 813
S.W.2d 503 (Tex.Cr.App.1991); High v. State, 573 S.W.2d 807 (Tex.Cr.App.1978);
Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous v. State, supra.

Appellant has filed a pro se brief in which he asserts that
his plea was involuntary, that the evidence was legally insufficient to support
his plea, and that he received ineffective assistance of counsel at trial.  We disagree.  








Appellant asserts that his plea was involuntary because he
was coerced to enter a guilty plea and because trial counsel promised appellant
that he would receive probation.  Before
accepting appellant=s guilty plea, the trial court inquired about
the voluntariness of the plea. 
Appellant stated that he wanted to enter a plea of guilty.  Appellant received the appropriate admonishments
and signed the guilty plea documents, including the waiver of his rights, the
judicial confession, the plea of true to the enhancement allegation, and the
acknowledgment of the admonishments. 
Appellant testified at trial that he was not misled or tricked to plead
guilty and that he understood his punishment was Atotally up to the discretion@ of the trial
court.  There is nothing in the record
to support appellant=s assertion on appeal that his plea was
involuntary.  

Appellant asserts that his conviction was not supported by
the evidence.  Appellant was convicted
of aggravated robbery by threatening the complainant and placing him in fear of
imminent bodily injury through the use and exhibition of a deadly weapon,
to-wit: a metal nail file, while in the course of committing theft.[1]  In a case where the defendant waives a jury
and enters an open plea of guilty, the trial court is the trier of facts and
may find the defendant guilty as charged, guilty of a lesser included offense,
or not guilty as it believes the facts require.  Moon v. State, 572 S.W.2d 681 (Tex.Cr.App.1978); see also Thomas
v. State, 599 S.W.2d 823 (Tex.Cr.App.1980); Sommer v. State, 574 S.W.2d 548
(Tex.Cr.App.1978).  Appellant=s judicial
confession alone is sufficient to support his conviction.  Dinnery v. State, 592 S.W.2d 343
(Tex.Cr.App.1980).  Furthermore,
testimony offered in the trial court also supports the conviction.  The complainant testified that appellant
approached him and demanded money.  When
the complainant did not comply, appellant followed him and then pushed him into
the bus lane.  Appellant continued to
come after the complainant, and a fight ensued.  Appellant Awent for@ a metal fingernail file that was in his
hair, and the complainant attempted to take it away.  The police were summoned, and appellant was arrested.  The arresting officer testified that
appellant had attempted to stab the complainant with the nail file.  The nail file was recovered and was admitted
as an exhibit at trial.  We hold that the
trial court=s verdict is
supported by the evidence.








Appellant asserts that trial counsel was ineffective by
coercing appellant to plead guilty, by promising appellant that he would
receive probation in exchange for a guilty plea, by failing to prepare for
trial, by failing to investigate the facts of the case, and by failing to
correctly advise appellant of the applicable law.  The assertions made by appellant in his brief are not supported
by the record on appeal.  The record on
appeal consists only of the clerk=s record and the reporter=s record from
the plea and punishment hearings.  There
is nothing in the clerk=s record or the reporter=s record to
indicate that counsel=s performance was deficient.  See Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  Appellant=s issues on appeal are overruled.  

Following the procedures outlined in Anders, we have
independently reviewed the record.  The
record supports the trial court=s conclusions that appellant=s plea was
freely and voluntarily entered.  The
record does not reflect that counsel=s representation was not within the range
of competence demanded of attorneys in criminal cases or that there is a
reasonable probability that, but for counsel=s error, appellant would not have pleaded
guilty but would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52 (1985); Ex parte Morrow, 952 S.W.2d
530 (Tex.Cr.App.1997).  Appellant was
afforded reasonably effective assistance of counsel in the trial court.  Strickland v. Washington, supra; Hernandez
v. State, supra.  We agree with
appellant=s
court-appointed counsel that the appeal is without merit.  

The judgment of the trial court is affirmed.

 

PER CURIAM

 

November
15, 2001

Do
not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists
of: Arnot, C.J., and 

Wright, J., and
McCall, J. 

 











[1]Under TEX. PENAL CODE
ANN. ' 29.03(a)(2) (Vernon 1994), an aggravated robbery is committed if a
person commits a robbery and uses or exhibits a deadly weapon.