11th Court of Appeals
Eastland, Texas
Opinion
 
Edgar Roman Cruz
            Appellant
Vs.                  No. 11-03-00040-CR -- Appeal from Dallas County
State of Texas 
            Appellee
 
            Edgar Roman Cruz entered an open plea of guilty to the offense of injury to a child. The trial
court convicted appellant and assessed his punishment at confinement for 35 years and a $5,000 fine. 
We affirm. 
            Appellant presents three issues for review. In the first issue, appellant contends that the State
failed to prove that he caused the injuries to the child. In the second and third issues, appellant
challenges the legal and factual sufficiency of the evidence. 
            The record from the plea hearing shows that appellant entered an open plea of guilty. Before 
accepting appellant’s guilty plea, the trial court inquired about the voluntariness of the plea.
Appellant stated that he wanted to enter a plea of guilty. Appellant received the appropriate
admonishments and signed the guilty plea documents, including the waiver of his rights, the judicial
confession, and the acknowledgment of the admonishments. Appellant stated that he had discussed
this case with his attorney and that he understood his rights. Appellant was aware that his
punishment was totally up to the discretion of the trial court. There is nothing in the record to
support an assertion that appellant’s plea was involuntary. 
            Appellant asserts that his conviction was not supported by the evidence. The arguments in
appellant’s brief are based upon the evidence introduced during the punishment phase of trial. 
During the punishment phase, the State merely introduced evidence regarding the extensive nature
of the injuries to the victim, a three-year-old girl. 
            When a guilty plea is made to the court, the State must introduce sufficient evidence to
support the plea. TEX. CODE CRIM. PRO. ANN. art. 1.15 (Vernon Supp. 2003). In such a case,
the trial court is the trier of facts and may find the defendant guilty as charged, guilty of a lesser
included offense, or not guilty as it believes the facts require. Moon v. State, 572 S.W.2d 681
(Tex.Cr.App.1978); see also Thomas v. State, 599 S.W.2d 823 (Tex.Cr.App.1980); Sommer v. State,
574 S.W.2d 548 (Tex.Cr.App.1978). A judicial confession alone is sufficient to support a
conviction. Dinnery v. State, 592 S.W.2d 343 (Tex.Cr.App.1980). In this case, appellant’s judicial
confession was admitted at the plea proceeding. In his judicial confession, appellant admitted that
he knowingly and intentionally injured the child as alleged in the indictment. Consequently,
appellant’s issues on appeal are overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
December 4, 2003
Do not publish. See TEX.R.APP.P. 47.2(b). 
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.