NUMBER 13-02-721-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

 

PEDRO MOLINA BAZAN,                                                               Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

On appeal from the 139th District
Court of Hidalgo County, Texas.

 

MEMORANDUM OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








Pursuant to a plea agreement, appellant, Pedro
Bazan, pleaded guilty to assault on a public servant and possession of more
than two ounces but less than four ounces of marihuana.[1]  The trial court assessed his punishment at
eleven years= imprisonment for possession of marihuana and ten
years= imprisonment for assault on a public servant to be
served concurrently. 

As this is a memorandum opinion not designated for
publication and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and
the basic reasons for it.[2]


The trial court has certified that this is a plea‑bargain
case but appellant has the right to appeal matters that were raised by written
motion filed and ruled on before trial.[3]


Anders Brief

On appeal, appellant's attorney has filed a brief
with this Court asserting there is no basis for appeal.[4]
According to the brief, counsel has reviewed the record and has concluded that
appellant's appeal is frivolous and without merit.[5]  The brief meets the requirements of Anders
as it presents a professional evaluation showing why there are no arguable
grounds for advancing an appeal.[6]   In compliance with High v. State,[7]
counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's judgment.  

Upon receiving a Afrivolous
appeal@ brief, the appellate courts must conduct Aa full examination of all the proceedings to decide
whether the case is wholly frivolous.@[8]  








The record reflects that appellant=s counsel informed appellant of his right to review
the record and to file a pro se brief.[9]  The record shows that  appellant has filed a pro se brief.[10]  In his brief, he raises two issues: (1) he is
entitled to a complete and accurate record on appeal; and (2) ineffectiveness
of counsel.

Regarding appellant=s
first issue, he claims generally that Adocuments@ are missing from the clerk=s record. 
However, in his brief, he references only a Amotion to disclose informant.@  








The record reflects that the trial court held a
pre-trial hearing on June 3, 1999 regarding appellant=s Amotion to disclose informant.@  At the
hearing, appellant=s trial counsel actually urged two pre-trial
motions: a motion to disclose informant and a motion to suppress.  The principal contentions were that the State
was required to disclose an informant=s identity and provide specific information which
formed the factual and legal basis that supported the State=s probable cause affidavit that authorized a search
of appellant=s home.  After
hearing arguments presented by the State and appellant=s trial counsel, the trial court conducted an in
camera evidentiary hearing and heard testimony from a DPS narcotics
investigator regarding the informant. 
However, prior to the trial court=s ruling on the motions, appellant=s trial counsel informed the court that the State
and appellant had reached a plea agreement. 
As a result, the court did not rule on the motions. Instead, the court
advised appellant that without the benefit of a final ruling on the motions,
appellant was waiving his right to constitutionally challenge or otherwise
contest the motions.  The court
specifically asked appellant whether he understood.  Appellant stated, AYes.  I understand
that, Your Honor.@     

 We note that
the record does not include a written motion to disclose.  An appellant would normally be entitled to a
new trial if the Alost@ record is necessary to resolve an appeal.[11]  However, the record contains a transcript of
the court reporter=s record at the hearing on the motion to
disclose.  Because the record shows that
appellant explicitly agreed to waive any challenge to the motion, we conclude
that examination of the actual written motion is unnecessary to resolve this
appeal.[12]
               

With regard to appellant=s generalized contention regarding Adocuments,@ we conclude that he has failed to specifically
identify, argue, or explain how any other alleged Adocuments@ would be applicable to this appeal and we therefore
find this section to have been inadequately briefed for purposes of appeal.[13]  Appellant=s
first issue is therefore overruled.

Regarding appellant=s
second issue, he argues that his counsel was ineffective because he (1) failed
to obtain a ruling on the motion to disclose informant, (2) failed to object,
fully investigate evidence, and properly communicate the consequences of his
guilty plea, and (3) did not petition the court for withdrawal of appellant=s guilty plea or file a motion for new trial.       








An ineffective‑assistance‑of‑counsel
claim is analyzed under the two‑prong test enumerated in Strickland and
adopted by the Texas Court of Criminal Appeals.[14]   First, the appellant must show that
counsel's performance was deficient.[15]  Second, the appellant must show that the
deficient performance prejudiced the defense.[16]  To satisfy the first prong, the appellant
must (1) rebut the presumption that counsel is competent by identifying the
acts and/or omissions of counsel that are alleged as ineffective assistance and
(2) affirmatively prove that such acts and/or omissions fell below the
professional norm of reasonableness.[17]  In any ineffective assistance of counsel
claim there is a strong presumption that counsel was competent and that his
actions and decisions were reasonably professional and motivated by sound trial
strategy.[18]








To rebut this presumption, the appellant must
present evidence indicating why counsel performed the way he did.[19]  The appellant will be unable to meet this
burden if the record does not specifically focus on the reasons for the conduct
of his trial counsel.[20]  When the record is silent as to counsel's
reasons for his conduct, finding counsel ineffective would call for speculation
by the appellate court, and appellate courts do not speculate about the reasons
underlying defense counsel's decisions.[21]  To satisfy the second prong and establish
prejudice, the appellant must prove there is a reasonable probability that, but
for counsel's deficient performance, the result of the proceeding would have
been different.[22]  A reasonable probability has been defined as
a probability sufficient to undermine confidence in the outcome of the
proceedings.[23]

Appellant's claims of ineffectiveness are grouped
and discussed below.

Failure to Obtain a Ruling on Motion to Disclose

The record reflects that the court did not rule on
the motion because a plea agreement had been reached.  After a careful review of the record, we
conclude that trial counsel=s actions and decisions were reasonably professional
and motivated by sound trial strategy.[24]  Moreover, the court admonished appellant
regarding the consequences of a failure to obtain a ruling on the motion.  Even if trial counsel's actions did fall
below a reasonably professional standard, appellant has failed to prove that
the outcome of the proceeding would have been different.[25]


Alleged Failure to Object, Alleged Failure to Fully
Investigate Evidence, and Alleged Failure to Properly Communicate the
Consequences of a Guilty Plea








Appellant contends that trial counsel erred in his
failure to object to the admission into evidence of police reports and lab
results of suspected drugs seized from appellant=s
residence.  However, appellant fails to
show how any objections by counsel would have resulted in a different outcome.[26]  

Appellant further argues generally that a full
investigation would have revealed insufficient evidence.  Mere allegations that counsel failed to
investigate or discuss the case with appellant are insufficient to raise an
ineffectiveness claim.[27]  An appellant must show what an investigation
would have revealed.[28]   In this case, appellant has failed to show
what an investigation would have revealed.[29]

Appellant further claims his trial counsel failed to
properly communicate the consequences of a guilty plea.  In light of the record, appellant has not
proven by a preponderance of the evidence that counsel's alleged failure to
communicate was outside the wide range of competence demanded of attorneys in
criminal cases.[30]  Further, appellant has failed to prove that
the alleged deficient performance caused him to enter a guilty plea.[31]  The written admonishments in the record
indicate that appellant understood the consequences of his plea, that he
freely, knowingly, and voluntarily entered the plea, that he committed the
crimes alleged in the indictment, and that he understood the range of  punishment.[32]

 

 








Alleged Failure to Petition the Court for Withdrawal
of Appellant=s Guilty Plea or File a Motion for New Trial

At appellant=s sentencing hearing, after the court had pronounced
sentence, trial counsel, without stating the specific reasons, informed the
court that appellant wanted to withdraw his guilty plea.  The trial court declined to consider
appellant=s request to withdraw his plea.  The record also reflects that a motion for
new trial was not filed.

The record is silent as to why appellant's trial
counsel took, or failed to take, the actions appellant asserts are proof of
ineffective assistance of counsel.[33]   To defeat the presumption of sound trial
strategy, the allegation of ineffective assistance of counsel must be
"firmly founded in the record," which must "affirmatively
demonstrate the alleged ineffectiveness."[34]   To find that appellant's counsel was
ineffective based on the asserted grounds would call for speculation.[35]

Appellant=s second issue is overruled.

We have carefully reviewed the appellate record and
counsel=s brief.  We
agree with appellant=s counsel that the appeal is wholly frivolous and
without merit.

Motion to Withdraw








An appellate court may grant a motion to withdraw
from counsel in connection with an Anders brief.[36]  The record shows that counsel has not filed a
motion to withdraw.  If counsel wishes to
file a motion to withdraw, he must file the motion no later than fifteen days
from the date of this opinion.  We order
counsel to advise appellant promptly of the disposition of this case and the
availability of discretionary review.[37]


After an independent review of the record and
consideration of appellant=s pro se brief, we find nothing in the record that
might arguably support this appeal.[38]  

We affirm the judgment of the trial court.                

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 4th day of August, 2005.











[1] 
Because appellant had two prior felony convictions, the possession of
marihuana charge was enhanced to a second degree felony. 





[2] 
See Tex. R. App. P. 47.4. 





[3] 
See Tex. R. App. P. 25.2(a)(2).





[4] 
See Anders v. California, 386 U.S. 738 (1967). 





[5] 
See id. 





[6] 
See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991) (en banc). 





[7] 
573 S.W.2d 807, 813 (Tex. Crim. App. 1978).





[8] 
See Penson v. Ohio, 488 U.S. 75, 80 (1988); Garza v. State,
126 S.W.3d 312, 313 (Tex. App.BCorpus Christi 2004, no pet.).  





[9] 
The record
shows that counsel on appeal filed his Anders brief on December 1,
2004.  On December 28, 2004, appellant
filed a motion for extension of time to file a pro se brief.  In the motion, appellant acknowledges that he
received notice of his right to review the record and file a pro se brief. See
Sowels v. State, 45 S.W.3d 690, 693 (Tex. App.BWaco 2001, no pet.).





[10] 
Although this Court granted appellant=s requests for extensions of time to file his pro se brief,
the brief was untimely received.  The
record shows that appellant=s pro se brief was due on June 7, 2005.  However, this Court did not receive his brief
until June 13, 2005.  Nevertheless, in
the interests of justice, we will address the merits of appellant=s pro se brief.  





[11] 
See Tex. R. App. P. 34.6(f)(3). 





[12] 
See Tex. R. App. P. 33.1
(a)(2)(A); Daniels v. State, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000)
(holding lost reporter's record from underlying deferred adjudication
proceeding was not necessary to resolve appeal).





[13] 
See Tex. R. App. P.
38.1(h).





[14] 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Murphy v.
State, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003).





[15] 
See Murphy,
112 S.W.3d at 601.





[16] 
See Strickland,
466 U.S. at 687; Murphy, 112 S.W.3d at 601.





[17] 
Stults v. State, 23 S.W.3d 198, 208 (Tex. App.BHouston [14th Dist.] 2000, pet. ref'd). 





[18] 
Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000) (en
banc); Stults, 23 S.W.3d at 208. 





[19] 
Stults, 23 S.W.3d at 208. 





[20] 
See id.





[21] 
See Murphy, 112 S.W.3d at 601; Stults, 23 S.W.3d at
208.  





[22] 
Tong, 25 S.W.3d at 712; Stults, 23 S.W.3d at 208. 





[23] 
Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).





[24] 
Stults, 23
S.W.3d at 208. 





[25] 
Tong, 25 S.W.3d at 712.





[26] 
See id.





[27] 
See Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994) (en banc). 





[28] 
See id. 





[29] 
See id.  





[30] 
Stults, 23 S.W.3d at 208. 





[31] 
Tong, 25 S.W.3d at 712; Stults, 23 S.W.3d at 208. 





[32] 
See Gottson v. State, 940 S.W.2d 181, 185‑86 (Tex. App.BSan Antonio 1996, pet. ref'd). 





[33] 
See Murphy, 112 S.W.3d at 601; Stults, 23 S.W.3d at 208. 





[34] 
Thompson, 9 S.W.3d at 813. 





[35] 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)
(en banc).





[36] 
Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see
Stafford, 813 S.W.2d at 511 (noting that motion to withdraw from case should
be filed with Anders brief).





[37] 
See Ex Parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).





[38] 
See Penson, 488 U.S. at 80.