**Koretta L. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00715–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 2000.

633, 635 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

Charles Hinton, Houston, for Appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices MIRABAL, NUCHIA, and EVANS.*

---

## OPINION

FRANK G. EVANS, Justice (Retired).

Without an agreed recommendation, appellant Koretta L. Brown, pleaded guilty to aggravated robbery. The court deferred making a finding of guilt until after it received a presentence investigation (PSI) report. After receiving the PSI report and hearing the testimony at sentencing, the court found appellant guilty and assessed punishment at eight years imprisonment. We affirm.

## FACTS

According to the police/court information in the PSI report, appellant and co-defendant Joe Gordon drove up to the two victims while the victims were parked at a gasoline station. Appellant was driving, and Gordon pointed a pump shotgun through the window of the victims' car. Appellant yelled instructions to Gordon as he demanded the victims' money and personal belongings. The victims complied. After appellant and Gordon fled the scene, the victims called the police. The police arrested appellant and Gordon about thirty minutes after the offense and transported them to the scene, where the victims identified them as the robbers.

Appellant's version of the incident is also included in the PSI report. According to appellant, Gordon asked appellant to drive Gordon to his house. While they were driving, Gordon saw a man sitting alone. Gordon told appellant to park, and then, wearing a ski mask and using a gun, Gordon robbed the man. As appellant and Gordon were driving away, Gordon shot the man. Appellant and Gordon then stopped for food at a drive-through restaurant, and Gordon tried to rob the people in front of them, but the driver got away even though Gordon shot at him. Appellant stated she was "extremely scared." Appellant realized they needed gasoline, so they pulled into the gas station where

* The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Gordon robbed the two victims. Appellant claimed she was trying to tell the victims she was going to get the police.

Appellant testified at sentencing. She stated she did not know why anyone would say she told Gordon what to do, and she indicated she had no "intention of doing anything like this to anybody." She reiterated that she had been scared. She stated, Gordon "would threaten if I would have left him, he would shoot me, too." She said that Gordon forced her to commit the robbery and that she did not do it willingly.

Nevertheless, appellant admitted her lawyer had explained the law of parties to her, and she admitted her lawyer had explained she was responsible to the extent of being the driver. Appellant also agreed that it was her voluntary decision to enter a plea. Although appellant complained about the length of her sentence, she did not ask to withdraw her plea.

## DISCUSSION

■ In her sole point of error, appellant contends the trial court "erred in not sua sponte withdrawing appellant's involuntary guilty plea that was not intelligently and knowingly made." To determine the voluntariness of a guilty plea, we examine the record as a whole. *Cantu v. State*, 988 S.W.2d 481, 484 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd); *see Richards v. State*, 562 S.W.2d 456, 457 (Tex.Crim.App.1977). Appellant signed and initialed the statutory plea admonishments. Appellant's receipt of the statutory admonishments is prima facie evidence that her plea was knowing and voluntary. *Cantu*, 988 S.W.2d at 484 (citing *Harrison v. State*, 688 S.W.2d 497, 499 (Tex.Crim. App.1985)). The judgment also states, "the Defendant was admonished by the

Court as required by law."[1] Appellant does not contend the trial court improperly admonished her.

■ Instead, appellant's complaint rests on her testimony at sentencing—testimony she believes reflects that she was not guilty of the charged offense. Specifically, she points to her testimony that she did not "have any intention of doing anything like this to anybody" and her testimony that Gordon forced her to commit the robbery.

Appellant concedes that her position is contrary to this Court's holding in *Solis v. State*, 945 S.W.2d 300 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Appellant nevertheless asks this Court to re-examine that holding and to apply the analysis of *Payne v. State*, a case in which the trial court denied the defendant's request to withdraw his guilty plea. 790 S.W.2d 649, 651 (Tex.Crim.App.1990).

*Solis*, like appellant here, contended the trial court erred by not sua sponte withdrawing his guilty pleas on the basis they were not intelligently and knowingly entered. *Solis*, 945 S.W.2d at 302. Relying on *Payne*, Solis asserted his plea was involuntary because his statements in the PSI report were inconsistent with a plea of guilty. This Court disagreed. We distinguished *Payne* on the ground that Solis had not requested the trial court to withdraw his plea and had chosen not to testify at sentencing, but had instead entered a judicial confession.[2] We also observed:

A trial court is not required to withdraw a guilty plea sua sponte and enter a plea of not guilty for a defendant when the defendant enters a plea of guilty before the court after waiving a jury, even if evidence is adduced that either makes the defendant's innocence evident or reasonably and fairly raises an issue

---

1. This Court will presume regularity and truthfulness in the proceeding. *See Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex.Crim. App.1984).

2. Unlike appellant, Solis did not testify at sentencing. Thus, in *Solis*, the information purportedly inconsistent with guilt derived from statements in the PSI, while in the present case, the information derives from testimony at sentencing.

as to guilt. *Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim.App.1978); *Edwards v. State,* 921 S.W.2d 477, 480 (Tex. App.—Houston [1st Dist.] 1996, no writ). It is the trial court's duty to consider the evidence submitted and, as the trier of fact, the court may find appellant guilty of a lesser offense or it may find the defendant not guilty. *Moon,* 572 S.W.2d at 682. Therefore, it would serve no valid purpose for the court to withdraw the guilty plea and enter a not guilty plea when the defendant enters a plea of guilty before the court after waiving a jury. *Id.*

*Id.* at 302–03.

*Solis* does not stand alone. It rests on the decision of the court of criminal appeals in *Moon v. State,* 572 S.W.2d 681, 682 (Tex.Crim.App.1978). The court of criminal appeals followed *Moon* in *Sullivan v. State,* 573 S.W.2d 1, 4 (Tex.Crim. App.1978) and *Sommer v. State,* 574 S.W.2d 548, 549 (Tex.Crim.App.1978).

*Moon, Sullivan, Sommer,* and *Solis* appear to have involved situations in which the evidence purportedly supporting innocence was introduced after the courts had found the defendants guilty. In this case, the evidence was introduced before the court found appellant guilty. In *Edwards v. State,* however, this Court applied the rule of *Moon* to a deferred-adjudication situation in which the defendant contended that his lawyer's statements at the plea hearing and his answers on cross-examination at his adjudication hearing should have alerted the court to the fact he did not believe he was guilty. 921 S.W.2d 477, 480 (Tex.App.—Houston [1st Dist.] 1996, no pet.).

We decline appellant's invitation to reconsider *Solis.* We overrule appellant's sole point of error.

We affirm the judgment.