Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

CLAUDE LISLIE JACKSON, JR., )
 No. 08-02-00288-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 Criminal District Court No. 2

)


THE STATE OF TEXAS,
)
 of Dallas County, Texas

)


 Appellee.
)
 (TC# F-0158604-LI)


O P I N I O N



 Claude Lislie Jackson, Jr. appeals his conviction for aggravated assault on a public servant. 
Appellant waived his right to a jury trial and entered a non-negotiated plea of guilty. The court
found Appellant guilty, assessed his punishment at imprisonment for a term of five years, and
entered in the judgment an affirmative finding on the use of a deadly weapon. Tex.Code
Crim.Proc.Ann. art. 42.12, § 3g(a)(2)(Vernon Supp. 2003). We affirm.

FACTUAL SUMMARY


 On November 2, 2001, Officer Elena Perez of the Dallas Police Department and her partner
responded to a 911 hangup call from the Budget Suites Hotel. She met with a hotel employee, Paula
Strickland, who was upset and crying. Strickland informed the officers that her husband, Appellant,
had taken possession of their seven-month-old child. When Strickland had tried to take the child
from him, Appellant pushed Strickland down some steps. Strickland told the officers the room
number where they might find Appellant. The officers walked over to the room and knocked on the
door. Appellant, who was holding the baby, opened the door and they went inside. They spoke with
Appellant about what had happened and he told them he was leaving with the child. He was
extremely angry, upset, and loud. The officers explained to Appellant that they were going to arrest
him for family violence because he had assaulted Strickland and they asked him to put down the
baby. They made this request because they believed Appellant, given his emotional state, would
resist arrest. Appellant informed them that he was not going to jail unless he went in a body bag. 
The officers unsuccessfully tried to calm Appellant and they called for additional officers. At that
point, Appellant, still holding the baby, pulled a knife out of his pocket and lunged at Perez. When
both officers drew their weapons, Appellant held the knife to the baby's throat and attempted to use
him as a shield. He refused to obey the officers' commands to drop the knife and then attempted to
leave the room. He charged at Perez with the knife but she did not shoot since it would endanger
the baby's life. Appellant struck Perez with his shoulder and pushed her into a window. Her partner,
Officer Thompson, struck Appellant with a baton and the knife fell to the floor. Thompson grabbed
the baby from Appellant while Perez continued to fight him but Appellant got away from her and
fled the room. Thompson ran after Appellant while Perez stayed with the baby. It was only then that
Perez realized she had a knife wound on her hand. Thompson and another officer took Appellant
into custody.

 A grand jury indicted Appellant for aggravated assault of a public servant (1) and endangering
a child by criminal negligence. (2) Appellant entered a negotiated plea of guilty in the latter case and
an open plea of guilty in the aggravated assault case. At the sentencing hearing, Appellant testified
to a different version of events and initially denied cutting Officer Perez with the knife. When
questioned by the court, Appellant admitted that he had recklessly cut the officer and reaffirmed that
he intended to plead guilty. With respect to the endangering a child case, the trial court, pursuant
to the plea agreement, placed Appellant on deferred adjudication for ten years. In the aggravated
assault case, the court sentenced him to imprisonment for a term of five years. Appellant filed a
motion for new trial alleging that his pleas were involuntary due to ineffective assistance of counsel. 
In an affidavit attached to the motion, Appellant maintained that his attorney told him that he would
get probation in both cases and he would not have entered a guilty plea absent this promise. No
hearing was held on the motion for new trial and it was overruled by operation of law. Appellant
filed a notice of appeal in the aggravated assault case.

WITHDRAWAL OF THE GUILTY PLEA


 In Point of Error One, Appellant asserts that the trial court erred in failing to withdraw
Appellant's plea of guilty because his testimony showed him to be innocent or at least raised a fact
issue as to his guilt. The record before us shows that the trial court fully admonished Appellant
pursuant to Article 26.13 and Appellant does not contend the trial court improperly admonished him. 
Appellant signed a judicial confession to the aggravated assault charge and he informed the trial
court that he understood that the judicial confession contained all of the facts necessary for the court
to find him guilty. He further stated that when he signed the judicial confession, he understood what
he was doing and intended to admit the facts stated therein to the trial court. At the subsequent
sentencing hearing, Appellant initially denied cutting Perez with the knife, claiming that he had put
the knife down prior to the scuffle with the officers. He also portrayed the officers as the aggressors
and himself as the victim. During cross-examination, the prosecutor established that Appellant knew
he could have had a trial but instead had pled guilty and had admitted that he cut Perez with the
knife. Appellant insisted he had not intentionally cut Perez but admitted that he did recklessly cut
her. (3) The trial court also questioned Appellant about his intention to plead guilty. Appellant told
the trial court that he intended to plead guilty and he had caused bodily injury by recklessly cutting
Perez with a knife. This satisfied the trial judge that Appellant had intended to plead guilty to the
aggravated assault charge. 

 The trial court cannot accept a guilty plea unless the court determines that the plea is freely
and voluntarily given. Tex.Code Crim.Proc.Ann. art. 26.13(e)(Vernon Supp. 2003). We examine
the entire record to determine the voluntariness of a guilty plea. Richards v. State, 562 S.W.2d 456,
457 (Tex.Crim.App. 1977). A showing in the record that the defendant was properly admonished
is prima facie evidence that his plea was knowingly and voluntarily entered. Martinez v. State, 981
S.W.2d 195, 197 (Tex.Crim.App. 1998). Upon this showing, the burden shifts to the defendant to
show he entered the plea without understanding its consequences. Martinez, 981 S.W.2d at 197.

 In support of his argument that the trial court should have withdrawn his plea of guilty,
Appellant Griffin v. State, 703 S.W.2d 193 (Tex.Crim.App. 1986) as well as other cases involving
guilty pleas before a jury. In those instances, the trial court is required to withdraw a plea of guilty
sua sponte if sufficient evidence either demonstrates the innocence of a defendant or reasonably and
fairly raises an issue as to his guilt. See Griffin, 703 S.W.2d at 195. Where the defendant has
waived his right to a jury trial and entered a plea of guilty before the trial court, however, the court
has no obligation to withdraw the guilty plea even where evidence is presented which raises a fact
issue as to the defendant's guilt. Sommer v. State, 574 S.W.2d 548, 549 (Tex.Crim.App. 1978);
Moon v. State, 572 S.W.2d 681, 682 (Tex.Crim.App. 1978)(opinion on reh'g). In such a case, it is
the trial court's duty, as fact finder, to consider all the evidence submitted, and to find the defendant
guilty of the crime charged, guilty of a lesser offense, or not guilty as the evidence requires. See
Moon, 572 S.W.2d at 682.

 The trial court heard all of the evidence, including Appellant's judicial confession and his
contradictory testimony at the sentencing hearing. The prosecutor and the trial court both questioned
Appellant regarding his statements that he had not cut Perez and he clarified that while he had not
intentionally cut her, he had recklessly caused bodily injury by cutting her with the knife. Further,
Appellant reiterated his intention to judicially confess to the offense and plead guilty. We note that
at no time during the proceeding did Appellant ask to withdraw his guilty plea. Under these
circumstances, the trial court had the discretion to treat Appellant's testimony as mitigation evidence
but Appellant's testimony that he had not intentionally cut the officer did not require the court to
withdraw Appellant's plea of guilty. See Brown v. State, 11 S.W.3d 360, 362-63 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd)(robbery defendant's testimony at sentencing that she had not
intended to do anything like this and was forced to commit the crime did not obligate trial court to
sua sponte withdraw the guilty plea). Appellant's first point of error is overruled.

FAILURE TO CONDUCT HEARING


 In Point of Error Two, Appellant contends that the trial court abused its discretion in failing
to conduct a hearing on Appellant's motion for new trial. Appellant filed his motion for new trial
and amended motion for new trial on the same day as his sentencing, March 29, 2002. Attached to
his motion was an "Order Setting Hearing" which states as follows:

 On this _____ day of _____________, 2002, the Defendant's Motion for a New Trial
was timely presented to the Court by Defendant's counsel and it appearing that said
Motion is verified and supported by unsworn inmate declaration, the Defendant is
entitled to a hearing on the Defendant's Motion for New Trial.


 It is therefore ordered that said Motion be set for hearing before this Court on the
______ day of _____________, 2002 at ____ o'clock __ M.


The trial court signed the "Order Setting Hearing" but did not date it or set a hearing. A hearing was
not held and the motion for new trial was overruled by operation of law.

 The State, citing Oestrick v. State, 939 S.W.2d 232, 235 (Tex.App.--Austin 1997, pet. ref'd), 
urges that the trial court simply failed to rule on Appellant's request for a hearing and that because
Appellant did not object to that failure, any complaint is waived. It also argues that the record does
not demonstrate that Appellant presented the motion for new trial to the trial court within ten days
of filing it. We disagree.

 The right to a hearing on a motion for new trial is not absolute. Reyes v. State, 849 S.W.2d
812, 815 (Tex.Crim.App. 1993). A defendant has a right to a hearing if the motion is timely
presented to the trial court and if the motion raises matters that cannot be determined from the
record. Tex.R.App.P. 21.6; Reyes, 849 S.W.2d at 815. Rule 21.7 requires the defendant to present
a motion for new trial to the trial court within ten days of filing it unless the trial court in its
discretion permits it to be presented and heard within seventy-five days from the date when the court
imposed or suspended sentence in open court. Tex.R.App.P. 21.7. Presentment to the trial court
means that the movant sustained the burden of actually delivering the motion for new trial to the trial
court or otherwise bringing the motion to the attention or actual notice of the trial court. Carranza
v. State, 960 S.W.2d 76, 79 (Tex.Crim.App. 1998).

 In Oestrick, the record did not reflect that the defendant had presented his motion for new
trial or brought his request for a hearing to the attention of the trial court. The instant case is
distinguishable. Given the trial court's signature on the "Order Setting Hearing" and the recitation
in that document that the motion for new trial had been timely presented, we must presume that
Appellant presented his motion for new trial and request for a hearing to the trial court within ten
days of the date of its filing. This is true even though the trial court did not date the order or set the
date for hearing. Appellant was not required to further object to the trial court's failure to set a date
for the hearing in order to preserve error. 

 The only remaining question is whether Appellant's motion for new trial raises matters that
cannot be determined from the record. Motions for new trial must be supported by an affidavit of
either the accused or someone else specifically showing the truth of the grounds asserted. Jordan
v. State, 883 S.W.2d 664, 665 (Tex.Crim.App. 1994). While the affidavit is not required to reflect
every component legally required to establish relief, either the motion or the affidavit must reflect
that reasonable grounds exist for holding that such relief could be granted. Id. A defendant need
not establish a prima facie case for a single cognizable ground raised in his motion for new trial. Id. 
The defendant need only assert reasonable grounds for relief which are not determinable from the
record in order to be entitled to a hearing. Id. If the defendant's motion and affidavit are sufficient,
a hearing on the motion is mandatory. Id.

 Appellant alleges in the motion for new trial that his guilty plea is involuntary because trial
counsel gave him erroneous advice by assuring him that he would receive probation upon pleading
guilty, and he would not have pled guilty but for counsel's assurances that he would be given
probation. When a defendant enters his plea upon the advice of counsel and subsequently challenges
the voluntariness of that plea based on ineffective assistance of counsel, the plea's voluntariness
depends on (1) whether counsel's advice was within the range of competence demanded of attorneys
in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's
errors, the defendant would not have pled guilty and would have insisted on going to trial. Ex parte
Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997). A defendant's election to plead guilty is not
made voluntarily and knowingly when it is based on erroneous advice of counsel. See Ex parte
Battle, 817 S.W.2d 81, 83 (Tex.Crim.App. 1991). However, a guilty plea is not rendered involuntary
merely because the sentence exceeds what is expected, even if the expectation was raised by the
defendant's attorney. See West v. State, 702 S.W.2d 629, 633 (Tex.Crim.App. 1986).

 The Texarkana Court of Appeals has addressed whether a trial court abused its discretion in
failing to conduct a new trial hearing in a similar factual scenario. In Hernandez v. State, the
defendant entered an open plea of guilty to retaliation and was sentenced to imprisonment for five
years. Hernandez v. State, 84 S.W.3d 26, 33 (Tex.App.--Texarkana 2002, pet. ref'd). He
subsequently filed a motion for new trial alleging that his plea was involuntary and he was denied
effective assistance of counsel due to erroneous assurances from counsel that he would receive
community supervision. Id. He supported his motion for new trial with affidavits from relatives
stating that counsel told Hernandez that he would receive community supervision if he pled guilty. 
Id. The Texarkana Court found that the matter of whether Hernandez's plea was voluntary was
determinable from the record since the defendant had stated in open court, and in documents filed
with the court, that he was guilty of retaliation, that he was aware that his plea was without an agreed
recommendation as to punishment, and the trial court could and would consider the full range of
punishment. Id. He further acknowledged that his plea of guilty was not the result of threats, force,
or promises and he was satisfied with his lawyer's representation. Id. The appellate court held that
even if it accepted as true the defendant's assertions regarding the assurances he had been given, it
would not overcome his statements made in open court regarding his knowledge of the court's
sentencing options and the voluntariness of his guilty plea. Id. at 34, citing Messer v. State, 757
S.W.2d 820, 828 (Tex.App.--Houston [1st Dist.] 1988, pet. ref'd)(holding that unjustified assurances
made by trial counsel regarding likelihood defendant would be given probation did not render his
guilty plea involuntary given that defendant was informed that the court would consider the entire
punishment range and defendant stated in open court that his guilty plea was not induced by any
promises). Therefore, the Texarkana Court of Appeals concluded that the trial court did not abuse
its discretion in failing to conduct a hearing on the defendant's motion for new trial. Hernandez, 84
S.W.3d at 34.

 Here, Appellant signed a plea document stating that he understood he was entering an open
plea of guilty and the punishment range for the aggravated assault case was five to ninety-nine years
or life and an optional fine not to exceed $10,000. At the punishment hearing, Appellant represented
to the trial court that he understood there was no plea bargain in the case and that the court would
assess his punishment, based upon the evidence, somewhere within the range of punishment for the
case, whether it meant that he be given deferred adjudication or a life sentence. Even if we accept
as true Appellant's claims that his attorney assured him that the trial court would give him
community supervision, Appellant is unable to prove that his guilty plea is involuntary due to
ineffective assistance of counsel. Accordingly, the trial court did not abuse its discretion in failing
to conduct a hearing on Appellant's motion for new trial.

 Appellant also claimed in his motion for new trial and affidavit that counsel failed to
investigate the facts of his case. He does not specify any facts to support this conclusory claim. 
Consequently, he is not entitled to a hearing on his motion for new trial. See Jordan, 883 S.W.2d
at 665 (defendant's allegations that counsel failed to properly investigate the facts and subpoena two
witnesses were conclusory, and therefore, he was not entitled to hearing on motion for new trial). 
Having found no abuse of discretion arising from the failure to conduct a hearing on Appellant's
motion for new trial, we overrule Appellant's second point of error.

VOLUNTARINESS OF THE GUILTY PLEA


 In his final point of error, Appellant contends that his guilty plea is involuntary due to
ineffective assistance of counsel. The proper standard for determining claims of ineffective
assistance under the Sixth Amendment is the two-step analysis adopted by the United States
Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). 
See Hernandez v. State, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the
defendant must show that counsel's performance was deficient, to the extent that counsel failed to
function as the "counsel" guaranteed by the Sixth Amendment. Jackson v. State, 877 S.W.2d 768,
771 (Tex.Crim.App. 1994). The defendant must demonstrate that his attorney's representation fell
below an objective standard of reasonableness under prevailing professional norms. Vasquez v.
State, 830 S.W.2d 948, 949 (Tex.Crim.App. 1992). Under the second prong, the defendant must
establish that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687,
104 S.Ct. at 2064, 80 L.Ed.2d at 693; Jackson, 877 S.W.2d at 771. Prejudice is established by a
showing that there is a reasonable probability that but for counsel's unprofessional errors, the result
of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80
L.Ed.2d at 698; Jackson, 877 S.W.2d at 771; Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Crim.App.
1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome. 
Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; Jackson, 877 S.W.2d at 771.

 When we review a claim of ineffective assistance of trial counsel, we must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable, professional assistance
and the appellant must overcome the presumption that the challenged conduct can be considered
sound trial strategy. Jackson, 877 S.W .2d at 771; Calderon v. State, 950 S.W.2d 121, 126
(Tex.App.--El Paso 1997, no pet.). An appellant challenging trial counsel's performance therefore
faces a difficult burden and "a substantial risk of failure." See Thompson v. State, 9 S.W.3d 808, 813
(Tex .Crim.App. 1999). Allegations of ineffectiveness of counsel must be firmly founded in the
record. Hawkins v. State, 660 S.W.2d 65, 75 (Tex.Crim.App. 1983); Calderon, 950 S.W.2d at 126.
Under the Strickland test, the appellant bears the burden of proving ineffective assistance by a
preponderance of the evidence. Jackson, 877 S.W.2d at 771; Calderon, 950 S.W.2d at 126.

 When a defendant who has pled guilty to the charged offense challenges the effectiveness
of his counsel, we must determine (1) whether counsel's advice was within the range of competence
demanded, and if not, (2) whether there is a reasonable probability that, but for the ineffective
assistance, the defendant would not have pleaded guilty and would have insisted on going to trial.
Ex parte Morrow, 952 S.W.2d at 536. As already stated, a defendant's election to plead guilty is not
made voluntarily and knowingly when it is based on erroneous advice of counsel. See Ex parte
Battle, 817 S.W.2d at 83. A guilty plea is not rendered involuntary, however, merely because the
sentence exceeds what is expected, even if the expectation was raised by the defendant's attorney. 
See West, 702 S.W.2d at 633. A plea of guilty is a trial strategy, and the plea is not involuntary
merely because the resulting sentence is greater than expected. Culver v. State, 786 S.W.2d 7, 9
(Tex.App.--Beaumont 1990, pet. ref'd); Enard v. State, 764 S.W.2d 574, 575 (Tex.App.--Houston
[14th Dist.] 1989, no pet.). In West, the court stated the rule as follows: 

 . . . an attorney may offer his client a prediction, based upon his experience or
instinct, of the sentence possibilities the accused should weigh in determining upon
a plea. An erroneous sentence estimate by defense counsel does not render a plea
involuntary. . . . And a defendant's erroneous expectation, based on his attorney's
erroneous estimate, likewise does not render a plea involuntary.


West, 702 S.W.2d at 633.

 The record demonstrates that Appellant entered his guilty plea freely and voluntarily with an
understanding that there was no plea bargain and that the trial court would sentence him within the
range of punishment for the offense. Ineffective assistance of counsel is not shown simply because
his attorney may have raised an erroneous expectation of community supervision.

 Appellant also argues that counsel failed to investigate the facts of his case. Because there
is no evidence to support this conclusory allegation, nothing is presented for our review. Point of
Error Three is overruled. Having overruled all points of error, we affirm the judgment of the trial
court.



February 27, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. Cause number F01-58604-LI.
2. Cause number F02-00335.
3. The indictment alleged that Appellant intentionally, knowingly, or recklessly caused bodily injury to a public
servant with a deadly weapon. Aggravated assault is defined as intentionally, knowingly, or recklessly causing bodily
injury with the use or exhibition of a deadly weapon. Tex.Pen.Code Ann. §§ 22.01, 22.02 (Vernon 2003).