Opinion issued January 15, 2004








     








In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00042-CR




CURTIS RANDLE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court 
Harris County, Texas
Trial Court Cause No. 919473




MEMORANDUM OPINION

          Appellant, Curtis Randle, pled guilty to aggravated robbery without an agreed
recommendation. After a pre-sentence investigation (“PSI”) report was completed
and a sentencing hearing with testimony was conducted, the trial court found
appellant guilty and assessed punishment at 20 years’ confinement and a $10,000
fine. In two issues, appellant complains that the trial court abused its discretion when
it did not allow appellant to withdraw his plea.
          We affirm.
Background
          Appellant was charged by indictment with aggravated robbery. The trial court
appointed counsel to represent appellant.
          On September 26, 2002, appellant appeared before the trial court and pled
guilty to aggravated robbery. Appellant expressly and voluntarily waived his right
to a jury, judicially confessed to the offense charged, received the required
admonishments, and entered a guilty plea. The trial court found appellant mentally
competent and his plea voluntary. The trial court also found that the evidence
substantiated the appellant’s guilt but withheld a finding of guilt pending the
completion of a PSI report. Appellant’s case was reset for a sentencing hearing until
after the return of the PSI report. 
          Although he was represented by counsel, appellant wrote four pro se letters to
the trial court. In these letters, appellant admitted that he had committed aggravated
robbery but claimed that he had committed the offense involuntarily. Appellant
stated that, before committing the offense, he had voluntarily taken prescription
medication for back and neck pain. Appellant claimed that he had fallen asleep after
taking the medication and then had awakened in jail after he had committed
aggravated robbery. Appellant stated that he had no recollection of committing the
offense and had not planned to commit it. Appellant wrote that the medication had
made him “temporarily duranged [sic].” In the letters, appellant repeatedly requested
the trial court not to send him to prison, to give him a “second chance,” and to “have
mercy” on him. Appellant sent the four letters to the trial court before appellant’s PSI
sentencing hearing, which was held on November 25, 2002.


 
          At the hearing, appellant testimony was consistent with the four letters that he
had written to the trial court. Although he admitted that he had committed aggravated
robbery, appellant again claimed that, due to the medication he had taken, he could
not remember any details of the offense. Following appellant’s testimony, appellant’s
counsel requested the trial court to place appellant on community supervision. 
Alternatively, if the court chose to assess prison time, appellant’s counsel requested
that appellant receive the minimum sentence of five years. In response, the State
argued that appellant should not receive the minimum sentence. At the conclusion
of the hearing, the trial court sentenced appellant to 20 years in prison and assessed
a $10,000 fine.
Discussion
          In two issues, appellant complains that the trial court abused its discretion
when it “failed to allow appellant to withdraw his plea of guilty when he raised a
potential defense to the allegation of aggravated robbery” and when it “failed to allow
appellant to withdraw his plea[,] which was not voluntarily made.” Appellant
acknowledges that a trial court is not required to withdraw a plea of guilty sua sponte
and enter a plea of not guilty for a defendant when the defendant enters a plea of
guilty before the court after waiving a jury, even if evidence is adduced that
reasonably and fairly raises an issue as to his guilt. See Moon v. State, 572 S.W.2d
681, 682 (Tex. Crim. App. 1978); Brown v. State, 11 S.W.3d 360, 362-63 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). 
          Appellant correctly points out that this rule has been held inapplicable in cases
in which the defendant presents a motion to withdraw the plea, Coronado v. State, 25
S.W.3d 806, 809 (Tex. App.—Waco 2000, pet. ref’d), or in cases in which the
voluntariness of a plea is questioned for some reason other than evidence raised as
to the defendant’s innocence, Owens v. State, 836 S.W.2d 341, 344 (Tex. App.—Fort
Worth 1992, no pet.). Neither of these situations is present in this case. 
          In his brief, appellant writes as follows: 
Appellant, pro-se and in an informal and imprecise manner, attempted
to withdraw his plea and challenge the voluntariness of his plea as
reflected by the numerous letters sent to the trial court (which are
included in the clerk’s record). The trial court implicitly denied
appellant’s efforts by failing to formally rule on his numerous requests.

          We do not agree with appellant that his letters to the trial court constituted
motions to withdraw his guilty plea. None of the letters mentioned or referred to
appellant’s plea; rather, the gist of the letters was to request leniency from the trial
court in appellant’s sentencing. Such a reading is even more apparent when read in
the context of the transcript of the sentencing hearing. As stated above, appellant
testified that he committed the offense but also stated that he was under the influence
of medication. Following appellant’s testimony, defense counsel asked the trial court
to be lenient in sentencing appellant. Importantly, although the four letters were sent
to the trial court prior to the sentencing hearing, neither appellant nor his counsel
requested the trial court to withdraw the plea at the hearing.
          Moreover, even assuming that the letters served as motions to withdraw
appellant’s plea, appellant was represented by court-appointed counsel when he sent
the pro se letters to the trial court. Because appellant was not entitled to hybrid
representation, we conclude the trial court could properly refuse the motion on that
basis. See Llano v. State, 16 S.W.3d 197, 198 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d); Busselman v. State, 713 S.W.2d 711, 714 (Tex. App.—Houston [1st Dist.]
1986, no pet.).
          We also do not agree that the letters served to challenge the voluntariness of
appellant’s plea. Nowhere in the letters did appellant specifically attack the
voluntariness of the plea or otherwise alert the trial court that the plea was
involuntary. While appellant’s claim that he was under the influence of medication
when he committed the aggravated robbery could be construed as being material to
the issue of appellant’s guilt, it cannot be construed as being material to the
voluntariness of his plea. As previously mentioned, a trial court need not withdraw
a defendant’s guilty plea sua sponte even if there is evidence that might raise a
question about the defendant’s guilt. Moon, 572 S.W.2d at 682; Brown, 11 S.W.3d
at 362-63.
          For the foregoing reasons, we hold that the trial court did not err in failing to
withdraw appellant’s plea.
          We overrule appellant’s issues one and two.
Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Higley.

Do not publish. Tex. R. App. P. 47.2(b).