Opinion issued March 23, 2006













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01148-CR




CHRISTOPHER LEMARK ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 950039




MEMORANDUM OPINION

          Appellant, Christopher Lemark Robinson, appeals from a conviction for
aggravated assault with a deadly weapon. See Tex. Pen. Code Ann. § 22.02 (Vernon
Supp. 2005). Appellant pleaded guilty to the charges without an agreed
recommendation from the State. The trial court ordered a pre-sentence investigation
(PSI) report. Following the PSI hearing, the trial court sentenced appellant to eight
years in prison. In his sole issue on appeal, appellant contends that the trial court
erred by not withdrawing his plea of guilty once it “became clear that there was
substantial evidence of appellant’s innocence.” We conclude that the trial court was
not required to withdraw appellant’s guilty plea sua sponte. We affirm. BackgroundAfter appellant pleaded guilty, the trial court prepared a PSI report, which
included appellant’s statement that he was acting in self defense when he stabbed
complainant. Appellant’s written statement in the PSI report states that complainant
punched appellant and forced him to the ground and that appellant subsequently
stabbed complainant with a knife to get complainant off him.
Sua Sponte Withdrawal of Guilty Plea
          Appellant argues that because he made “implied denials of guilt,” the trial court
“should have sua sponte withdrawn” his guilty plea.
          It is well-settled that a defendant may withdraw his guilty plea as a matter of
right before the trial court takes the case under advisement or pronounces judgment. 
Jackson v. State, 590 S.W.2d 514, 515 ( Tex. Crim. App. 1979). However, when the
defendant decides to withdraw his guilty plea after the trial court takes the case under
advisement or pronounces judgment, withdrawal of the plea is within the sole
discretion of the trial court. Jackson, 590 S.W.2d at 515. There is no requirement
that a trial court withdraw a guilty plea sua sponte after the defendant waives his right
to a jury trial and enters a guilty plea before the court, even if evidence subsequently
arises that might reasonably and fairly raise an issue of fact as to the guilt of the
defendant. Thomas v. State, 599 S.W.2d 823, 824 (Tex. Crim. App. 1980) (citing
Moon v. State, 572 S.W.2d 681 (Tex. Crim. App. 1978)); Brown v. State, 11 S.W.3d
360, 362–63 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). As the trier of fact,
the trial court may find the defendant either not guilty or guilty as the facts require,
without withdrawing the defendant’s plea. Thomas, 599 S.W.2d at 824; Brown, 11
S.W.3d at 362–63.
          In this case, the trial court accepted appellant’s guilty plea and found sufficient
evidence to support his guilt. The trial court then took the case under advisement. 
Appellant never asked the trial court to withdraw his guilty plea and never objected
to his punishment. Moreover, the PSI report indicates that appellant opted to plead
guilty to aggravated assault rather than to have a trial so that he might obtain deferred
adjudication from the trial court. The PSI report shows, as follows:
When asked about the self-defense issue and going to court, the
defendant indicated a concern since the witnesses were with the victims
and he was uncertain of the outcome of a trial based on their possible
testimony. He did express remorse for the serious bodily injury he
caused and is hopeful he will be given an opportunity to prove he can
continue to be a responsible individual as he had done while on bond. 

After the trial court took appellant’s case under advisement, it was well within the
court’s discretion to disbelieve appellant’s version of events and to find appellant
guilty of the offense. See Jackson, 590 S.W.2d at 515; see also Brown, 11 S.W.3d
at 363. We hold that the trial court did not abuse its discretion by not withdrawing
appellant’s guilty plea sua sponte.
          Appellant “concedes from the outset that his position [in this appeal] is
contrary to this court’s previous holdings,” but asks that we nevertheless “reverse the
stand presently dictated by recent precedent.” Appellant is thus urging us to overrule
Jackson v. State, 590 S.W.2d at 515, and other Court of Criminal Appeals cases. As
an intermediate appellate court, however, we cannot disregard binding precedent of
the Court of Criminal Appeals. See Southwick v. State, 701 S.W.2d 927, 929 (Tex.
App.—Houston [1st Dist.] 1985, no pet.).
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do Not Publish. Tex. R. App. P. 47.2(b).