NO. 07-08-0303-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 24, 2009

______________________________

AARON R. DIAL, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-413,416; HON. CECIL PURYEAR, PRESIDING

_______________________________

Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Aaron R. Dial appeals a judgment revoking his probation and sentencing him to two years confinement in a state jail facility for the offense of possession of a controlled substance.  Through two complaints, he apparently argues that 1) the trial court erred in failing to conduct an investigation into whether his plea of guilty to the original offense was voluntary, and 2) the trial court relied upon illegally obtained evidence in finding that appellant failed to identify himself to a police officer.  We affirm the judgment. 

Issue One – Investigating Voluntariness of Guilty Plea

In a rather rambling discourse, appellant complains about the voluntariness of his guilty plea which resulted in the trial court’s decision to defer the adjudication of his guilt.  We are unsure of whether he contends that the plea was involuntary, that he should have been entitled to withdraw his plea, or that the trial court failed to inquire into the voluntariness of his prior plea at the subsequent revocation hearing.
(footnote: 1)  If it is the first, then we have no jurisdiction to consider the dispute via an appeal from an order adjudicating guilt and revoking community supervision.  
Castillo v. State
, No. 01-07-00887-CR, 2008 Tex. App. 
Lexis
 8061 at *2-3 (Tex. App.–Houston [1
st
 Dist.] October 23, 2008, no pet.) (not designated for publication) (and the authorities cited therein).

If it is the second, then the claim was not preserved for appellant did not request leave to withdraw his plea from the trial court.  The Court of Criminal Appeals required as much in 
Mendez v. State, 
138 S.W.3d 334, 350 (Tex. Crim. App. 2004).  

If it was the third, appellant’s receipt of the statutory admonishments was prima facie evidence that his plea was knowing and voluntary.
(footnote: 2)  
See Brown v. State, 
11 S.W.3d 360, 362 (Tex. App.–Houston [1
st
 Dist.] 2000, pet. ref’d) (holding that the receipt of statutory admonishments is prima facie evidence that the plea is knowing and voluntary).  Moreover, without citation to either evidence or authority suggesting that one’s ingestion of cocaine alone impairs his ability to think rationally, perceive the circumstances before him or understand the consequences of his actions, we hesitate to impose on a trial judge the duty contemplated by appellant.  
See
 
Villareal v. State, 
860 S.W.2d 529, 533 (Tex. App. –Corpus Christi 1993, pet. ref’d) (stating the trial court had no duty to 
sua sponte 
examine retrospectively the voluntariness of the defendant’s guilty plea even though he was found incompetent at the adjudication hearing).    

Issue 2 - Illegal Detention

Via his second issue, appellant attacks the trial court’s finding that he failed to identify himself.  Purportedly, the evidence upon which the trial court relied was acquired through an illegal detention.  Be that as it may, we do not see how that changes the validity of the decision to revoke.  Appellant’s failing to identify himself was only one of many grounds alleged by the State in support of its motion.  Moreover, appellant pled true to at least two grounds the validity of which had nothing to do with his misidentifying himself to a police officer.  So, even if we were to accept appellant’s protestations about the supposed illegal detention and ignore that finding as a ground supporting revocation, nothing would change.  Simply put, the decision to revoke is supported by the other findings about which he utters no complaint. 
Moore v. State, 
605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (stating that only one ground can justify the trial court’s decision to revoke community supervision).

Accordingly, we overrule each issue and affirm the judgment.

Brian Quinn 

          Chief Justice

Publish.

FOOTNOTES
1:
We would ask those appearing before this court to cautiously proofread their briefs for typographical errors, improper grammar, and questionable sentence structure.  So too would we ask them to note that the longer a sentence is, the more difficult it is for the reader to understand it.  Finally, it also would be wise to remember that the clarity of one’s discourse is much more important than its length. 

2:
Though the appellate record does not contain a transcript of the original plea hearing, the written admonishments containing appellant’s signature appears in the clerk’s record.